# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BARRY SCHMITTOU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:05-0013 |
| ) | Judge Trauger |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY and TMG SOLUTIONS, INC., ) | |
| doing business as Mosaic Sales Solutions, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On January 30, 2008, the magistrate judge issued a Report and Recommendation. (Docket 106) The *pro se* plaintiff, Barry Schmittou, has filed objections (Docket No. 108), supported by a 48-page Memorandum (Docket No. 109), to which the defendants have responded (Docket No. 111), and to which the plaintiff has filed an additional "Objection" (Docket No. 112). This court must review *de novo* any portion of the Report and Recommendation to which a specific objection is made. Rule 72(b), Fed.R.Civ.P.; 28 U.S.C.§ 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F3d 506, 510 (6th Cir. 1993).

The magistrate judge found the handling of the plaintiff's long-term disability claim by defendant Metropolitan Life Insurance Company ("MetLife") arbitrary and capricious and recommended a remand of the long-term disability claim to MetLife for consideration on the merits. He recommended granting the defendants' Motion for Judgment on the administrative record as to its denial of the plaintiff's short-term disability claim. The defendants have not objected to the Report and Recommendation.

The court has attempted to distill the plaintiff's 48-page Memorandum into distinct objections so that the court may rule thereon. The court views the plaintiff's objections to be as follows: (1) the magistrate judge did not make a finding of "fraudulent restraint" in violation of 29 U.S.C § 1141; (2) the magistrate judge's recommendation to remand his claim for long-term disability benefits to MetLife is futile; (3) the magistrate judge should have simply ordered MetLife to pay him short-term and long-term benefits, given their outrageous conduct in the handling of his claim.

First, as to his request that the court find "fraudulent restraint" in violation of 29 U.S.C. § 1141, that would be beyond this court's jurisdiction in this case, as that statute provides for criminal penalties ($100,000 fine and 10 years in prison or both) and is to be enforced by governmental prosecuting authorities. That statute does not give rise to a civil cause of action by an individual. *West v. Butler*, 621 F.2d 240, 243-44 (6th Cir. 1980).

As to the plaintiff's objection to the remand of his long-term disability claim to MetLife for further proceedings, the court can fully understand his frustration and lack of trust in a further determination by MetLife, given the record of this case and the magistrate judge's explicit finding of arbitrary and capricious conduct on the part of MetLife. So as to not unduly protract the next stage of this case, the court will set a short deadline for MetLife to consider the plaintiff's long-term disability claim. However, it seems clear that, in this case, where MetLife has not conducted a full and fair review of the disability claim under the terms of the plan, there is little for the court to review in terms of ruling on the basis for the decision. "[W]here the problem is with the integrity of [the plan's] decision-making process, rather than that [a claimant] was denied benefits to which he was clearly entitled, the appropriate remedy generally is remand to the plan administrator".

2

*Elliott v. Metropolitan Life Ins. Co*., 473 F.3d 613, 622(6th Cir. 2006) (internal citations omitted). Despite the substantial evidence that this plaintiff has put into the record before this court, that record would not support a finding by this court, at this stage of the litigation, that the plaintiff was "denied benefits to which he was clearly entitled."

As to the plaintiff's request that this court simply order the payment of short-term benefits as well (Docket No. 109 at 30), no basis is given for rejecting the well-reasoned analysis of the magistrate judge on this point, i.e. that the plaintiff "did not meet the 'actively at work' requirement, [which] was rational in light of the plan's provisions." (Docket No. 106 at 15) The magistrate judge stated that, had this provision not been applicable he "would recommend finding the two-page denial decision arbitrary and capricious" under *Glenn v. MetLife,* 461 F.3d 660 (6th Cir. 2006). (Docket No. 106 at 16) The plaintiff makes no persuasive argument that this provision does not foreclose his right to short-term disability benefits.

For the reasons expressed herein, the Report and Recommendation is ACCEPTED and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, it is hereby ORDERED that the Motions for Judgment on the administrative record filed by the parties (Docket Nos. 97, 99) are both GRANTED in part and DENIED in part. MetLife's decision to deny short-term disability benefits under the "actively at work" provision of the plan is AFFIRMED. The plaintiff's claim for long-term disability benefits is REMANDED to MetLife for a full and fair review of this claim, taking into account all of the evidence in the record before the court, and a decision thereon within 90 days of the entry of this Order, unless the plaintiff consents to an extension of this deadline in writing.

3

The court strongly urges the plaintiff to secure counsel to represent him further in this matter before MetLife and, if necessary, before the court after the remand.

The Clerk is directed to administratively close this file, subject to reopening, if the plaintiff is denied long-term disability benefits and seeks redress in the court once again.

It is so **ORDERED.**

ENTER this 24th day of March 2008.

_____
ALETA A. TRAUGER
U.S. District Judge

4