```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

BARRY SCHMITTOU,                )
                                )
        Plaintiff,              )
                                )
        v.                      )   NO. 3:05-0013
                                )   Judge Trauger/Bryant
METROPOLITAN LIFE INSURANCE     )
COMPANY, et al.,                )
                                )
        Defendants.             )

### O R D E R

Plaintiff has filed his "Urgent Motion and Memorandum Requesting Court Will Order Metlife, Adams and Reese, and Everyone They Contract To Be Certain They Do Not Wittingly Or Unwittingly Cause My Death or Injury, And Order Them To Stop Tracking My Activities and Do Not Come Near My Physical Body" (Docket Entry No. 124). Defendants have filed a response (Docket Entry No. 127), and plaintiff has filed a reply ("objections") and a corrected reply (Docket Entry Nos. 128 and 129).

Plaintiff's motion has been referred to the undersigned Magistrate Judge for disposition (Docket Entry No. 125).

As explained below, the Court **GRANTS** plaintiff's motion in part and **DENIES** it in part.

### Statement of the Case

Plaintiff Barry Schmittou, proceeding pro se and in forma pauperis, has filed this ERISA action seeking to recover disability benefits that he asserts have been wrongfully denied him by

defendants.  A detailed statement of the factual background of the case is contained elsewhere in this record (Docket Entry No. 106, pp. 2-6), and will not be repeated here.

By order entered March 24, 2008, the Court affirmed MetLife's denial of plaintiff's claim for short-term disability benefits and remanded to MetLife "for a full and fair review" plaintiff's claim for long-term disability benefits (Docket Entry No. 113).  The Court further ordered that MetLife complete its review within 90 days.

Although it appears from the record that MetLife completed its review of plaintiff's long-term disability claim on or about June 20, 2008, through oversight it neglected to inform plaintiff of its denial of his claim until August 11, 2008, after being ordered by the Court to do so (Docket Entry Nos. 116 and 117).  Plaintiff was granted 180 days following receipt of the MetLife denial letter dated August 11, 2008, within which to appeal MetLife's decision through the administrative process (Docket Entry No. 118).

On March 3, 2009, MetLife filed a notice reciting that plaintiff had requested an extension of time through August 11, 2009, within which to appeal MetLife's denial through the administrative process, and that MetLife had granted the requested extension (Docket Entry No. 122).

**Relief Sought In Plaintiff's Present Motion**

Plaintiff in his motion presently before the Court seeks:

(1) an order that "MetLife, Adams and Reese, and everyone they contract with will be certain they do not wittingly or unwittingly cause my death or injury, and order them to stop tracking my activities and do not come near my physical body;"

(2) an order granting plaintiff "up to 18 additional months to untangle their fraudulent web of lies in my claim and file the appeal;"[1] and

(3) an order "that NMR, Dr. Yanik and MetLife immediately provide transcripts and tape recordings of the conversations with (sic) Yanik had with my doctors, and all other evidence of everything that happened and everyone who was involved in Yanik's fraudulent efforts." (Docket Entry No. 124, p. 12).

In response, defendants argue that plaintiff's motion should be stricken as "redundant, immaterial, scandalous and irrelevant," or, in the alternative, should be denied as "wholly without merit." (Docket Entry No. 127, p. 4).

To the extent that plaintiff's motion seeks an order prohibiting defendants, their lawyers, and others they contract with from causing plaintiff's death or injury, tracking plaintiff's

---

[1] It appears that before plaintiff filed his motion MetLife had already agreed to grant an additional three-month extension, to and including November 11, 2009, for plaintiff to appeal administratively MetLife's denial of his claim.

3

activities, or "com[ing] near [his] physical body," the undersigned Magistrate Judge finds no evidence that defendants or their agents have attempted to do any of these things, and, therefore, that plaintiff's motion should be denied.

To the extent that plaintiff seeks an <u>additional</u> extension of 18 months within which to file his administrative appeal of MetLife's denial of his claim, the Court finds that such a lengthy extension is unreasonable and unjustified. The Court in August 2008 granted plaintiff 180 days within which to appeal MetLife's denial through the administrative process. Thereafter, MetLife granted plaintiff's request for an additional six months' extension until August 11, 2009. Despite the fact that over a full year has already elapsed since the Court first imposed a 180-day deadline, plaintiff now seeks another 18 months to file his administrative appeal. As grounds, plaintiff asserts (1) that this case is exceedingly complex, and (2) that his visual impairment and other medical and psychological ailments hinder his work on his appeal. The undersigned Magistrate Judge finds that plaintiff shall file his administrative appeal of MetLife's denial of benefits within 60 days from the entry of this order.

Finally, with respect to plaintiff's seeking an order requiring defendants to produce transcripts of taped conversations and other documentary evidence regarding plaintiff's claim, defendants assert that plaintiff has not previously written to

4

request this material, and that MetLife has not refused to provide it (Docket Entry No. 127). Defendants are correct that the record before the Court fails to demonstrate that plaintiff has served a request for production of the materials he seeks. Both Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure and Local Rule 37.01(b) require that a request for production must have been served as a necessary prerequisite for a motion to compel. Despite plaintiff's failure to comply with these rules, in view of (1) the plaintiff's pro se status, (2) MetLife's stated willingness to provide plaintiff with "a copy of all information, documents, and records that are relevant to Plaintiff's claim," and (3) the need to move this old case toward a disposition, the undersigned Magistrate Judge finds that MetLife should produce to plaintiff the requested materials by November 30, 2009.

Summarizing, the Court:

1. **denies** plaintiff's motion for an order prohibiting defendants or their agents from causing plaintiff's physical injury or death, tracking his activities, or coming near his physical body;

2. **grants** plaintiff's motion for an additional extension of time within which to file his administrative appeal, but only to and including **January 5, 2010**; and

(3) **grants** plaintiff's motion and **ORDERS** that defendant MetLife, on or before **November 30, 2009**, shall produce to plaintiff

5

a copy of any tape recordings, transcripts, records or other documents relating to plaintiff's claim for benefits.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge