IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARRY SCHMITTOU ) | |
| ) | |
| v. ) | No. 3:05-0013 |
| ) | Judge Trauger/Bryant |
| METROPOLITAN LIFE INS. CO., ET AL. ) | |

To: The Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

On July 27, 2011, plaintiff filed a motion "requesting temporary restraining order and injunction to prevent U.S. Government default on Debts and Obligations..." (Docket Entry No. 152) Plaintiff requests such relief, as well as the appointment of a special prosecutor, inasmuch as he claims, in a nutshell, that alleged financial crimes and poor oversight by government officials have rendered it "very dangerous and damaging for the current leaders of the U.S. government to be allowed to be the decision makers regarding our finances." Id. at 19. However, the undersigned has previously denied plaintiff's request for appointment of a special prosecutor as lacking legal grounds (Docket Entry No. 144), and continues to find such grounds lacking. Moreover, in light of the debt ceiling compromise legislation signed into law on August 2, 2011, plaintiff's request for emergency injunctive relief has been rendered moot. Accordingly, it is recommended that this motion be **DENIED**.

After the parties' latest status reports, it appears that plaintiff has exhausted his administrative remedies with respect to MetLife's finding that long-term disability benefits are not payable beyond October 4, 2003. See Docket Entry No. 150, Exh. A (MetLife's

decision letter dated June 16, 2011). It also appears that plaintiff claims, or his papers should be construed as claiming, that this finding violated his ERISA rights. See Docket Entry No. 151 at 10-19. Inasmuch as this case has remained open pending the resolution of plaintiff's administrative appeal and any subsequent expression of his desire to seek further redress in this court, see Docket Entry No. 113 at 4, it now appears appropriate to direct defendant MetLife to file a supplement to the administrative record already on file, encompassing all administrative proceedings and documents subject to review since the date of this court's previous remand order, entered March 24, 2008 (Docket Entry No. 113). Should the District Judge direct such a filing and return the case to the undersigned for further proceedings, the undersigned will enter an order establishing the schedule by which the matter will be resolved upon cross-motions for judgment on the administrative record.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 17th day of August, 2011.

 s/ John S. Bryant  
JOHN S. BRYANT  
UNITED STATES MAGISTRATE JUDGE