UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BARRY SCHMITTOU,                )
                                )
        Plaintiff,               )
                                )
        v.                       ) NO. 3:05-0013
                                ) Judge Trauger/Bryant
METROPOLITAN LIFE INSURANCE      )
COMPANY, et al.,                 )
                                )
        Defendants.              )

**O R D E R**

Plaintiff Schmittou, who is proceeding pro se, has filed his "Motion to be Permitted to Take Discovery" (Docket Entry No. 178). In this motion, plaintiff seeks an extension of time "up to six months to find an attorney and give them time to review the [administrative record] and see if discovery would be advantageous." In the alternative, plaintiff asserts that the record presently before the Court proves bias by defendant Metropolitan Life and plaintiff requests a ruling that discovery will be allowed and an extension of time of 90 days to allow plaintiff "to compose and file questions with the Court so MetLife can have the opportunity to respond or object to the questions." (Docket Entry No. 178 at 2).

Defendant Metropolitan Life has filed its response in opposition (Docket Entry No. 182). In summary, defendant contends that plaintiff has failed to offer any evidence that would justify discovery under the standards announced in Wilkins v. Baptist Healthcare Systems, Inc., 150 F.3d 609 (6th Cir. 1998). Defendant

asserts that plaintiff relies in support of his motion upon "quotes from other court cases entirely related to the instant matter. (DE #178, pp. 2-4)". However, this assertion is incorrect. It appears that the quotes appearing on pages 2 and 3 of plaintiff's motion are taken from the report and recommendation filed in this case on January 30, 2008 (Docket Entry No. 106).

The original complaint in this case was filed on January 6, 2005, so this case is now over seven years old. Almost from the outset, the Court has strongly encouraged plaintiff Schmittou to seek counsel to represent him but plaintiff apparently has declined to do so. Given this history, the undersigned Magistrate Judge finds that plaintiff's current request for an extension of "up to six months to find an attorney" is not justified and should be denied.

With respect to plaintiff's request that he be granted leave to conduct discovery and "90 days to compose and file questions with the Court so MetLife can have the opportunity to respond or object," the undersigned notes that the Court has previously granted plaintiff leave to conduct certain limited discovery (Docket Entry No. 80). The Court further finds that plaintiff's arguments that defendant Metropolitan Life is guilty of bias are based on evidence already in the administrative record, and that plaintiff has failed to establish a basis for additional discovery beyond that already permitted by the Court in view of the

2

limited scope of discovery permitted in ERISA cases.

For the foregoing reasons, the undersigned Magistrate Judge finds that plaintiff's motion to be permitted to take discovery (Docket Entry No. 178) should be **DENIED.**

It is so **ORDERED.**

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge